hTERRI F. LOVE, Judge.
The State of Louisiana placed the minor child, D.S., into temporary custody finding the child was a victim of abuse. The trial court ruled the child to be in need of care from both parents. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY

Pursuant to a request from the Department of Social Services, an Instanter Order was issued on November 24, 2003, *765 placing the minor child, D.S.[1], in the temporary custody of the State of Louisiana. A full hearing to determine custody of D.S. occurred on January 28, 2004, wherein the child’s father, David Harold (“Harold”), was present and represented by counsel, but his mother, Gifton Stewart (“Stewart”), was not present.
Marion Johnson, a child protection investigator with the New Orleans Child Protection Office of Community Services, testified they received a referral indicating D.S. and his brother were being abused by their mother. The agency’s efforts to locate Stewart and the children were unsuccessful. On November 20, 2003, the agency learned D.S.’s brother died, and they were able to locate D.S. at the residence of Ms. Lisa Martin. Ms. Johnson personally observed a bruise on D.S.’s head, scars, and other marks on his body. She further testified D.S. told her |Pthat his mother, Stewart, had caused the injuries, and that his mother had grabbed him around the neck and threw him into a wall causing the “hickey” on his head. Ms. Johnson further testified that on November 25, 2003, she participated in a telephone interview with the child’s father, Harold. During the conversation, Harold stated that he was aware that Stewart was abusing their son.
The second witness was Lisa Martin. D.S. was under the care of Ms. Martin during the State’s investigation. She testified that D.S. began living with her in July of 2003. At that time, he had numerous scars, scratches, and a busted lip. She further testified that D.S. identified his mother as the person who punched him. Stewart had also tied him up and locked him in a closet. Ms. Martin refused to return D.S. to Stewart threatening to call authorities. Ms. Martin testified she notified D.S.’s father, Harold, and he cared for the child for approximately three weeks. Harold’s girlfriend returned D.S. to Ms. Martin indicating Harold was incarcerated and could no longer care for his son.
The third and final witness, Troy August, testified he personally witnessed Stewart’s abuse of D.S., and further that he specifically told Harold of the “hickey” incident.
After a full hearing on the matter, the trial court rendered judgment on January 28, 2004, finding D.S. to be a child in need of care as to his mother and father. The trial court made the following findings:
... D.S. (D.O.B.: 11/1/97) is hereby found to be a child in need of care as to the mother, Gifton Stewart, based on the testimony to abuse by Gifton Stewart as it relates to her child, D.S., as to statements made by the child regarding how he sustained various injuries and the worker’s testimony regarding statements that the mother made to her regarding how D.S. sustained the injuries. The Court finds D.S. in need of care as to the father, David Harold, based on the testimony by the worker that David Harold knew of the abuse |sto D.S. and yet took no steps to remove the child from the care of the mother.
Harold has instituted this appeal.

ANALYSIS

The appellant, Harold, asserts the trial court erred when it ruled that D.S. was a child in need as to his father. Harold argues that the State’s only evidence the appellant knew of his son’s abuse was contradicted by its own witness and that the specific time and date of abuse was not *766 supplied. The defendant further contends that no medical evidence was offered to establish if the child’s injuries were caused by abuse.
The State argues the record is sufficient to establish that Harold was aware of the abuse suffered by his son, yet he did not initiate the appropriate response to protect him from the abuse.
The trial judge is vested with great discretion and such a decision will not be reversed on appeal absent a showing of abuse of that discretion. State of Louisiana in the Interest of M.L., 611 So.2d 658, 660 (La.App. 4 Cir.1992). It is well settled that an appellate court cannot set aside a juvenile court’s findings of fact in the absence of manifest error or unless those findings are clearly wrong. State in the Interest of S.M.W., 2000-3277, p. 14 (La.2/21/01), 781 So.2d 1223, 1233, citing In re A.J.F., 2000-0948 (La.6/30/00), 764 So.2d 47. In its manifest error review, it is important that the appellate court not substitute its opinion when it is the juvenile court judge who is in the unique position to see and hear the witnesses as they testify. Id.
La. Ch. C. art. 606 provides in pertinent part:
A. Allegations that a child is in need of care must assert one or more of the following grounds:
|4(1) The child is the victim of abuse perpetrated, aided, or tolerated by the parent or caretaker, by a person who maintains an interpersonal dating or engagement relationship with the parent or caretaker, or by a person living in the same residence with the parent or caretaker as a spouse whether married or not, and his welfare is seriously endangered if he is left within the custody or control of that parent or caretaker.
Moreover, the State shall have the burden to prove the allegations of a child in need of care petition by a preponderance of evidence. La. Ch. C. art. 665; State in Interest of H.P., 98-1015 (La.App. 3 Cir.10/28/98), 721 So.2d 546; State ex rel. J.T. v. James, 34,024 (La.App. 2 Cir. 8/23/00), 765 So.2d 1220.
This court has heretofore held that a determination that a parent knows of the abuse of a child by another, but fails to protect the child, is sufficient to affirm the trial court’s finding that a child is in need of care. State ex rel J.W., 03-1180, p. 9 (La.App. 4 Cir. 10/22/03), 860 So.2d 576, 582.
In the present case, the State presented undisputed testimony that Stewart abused D.S. by witnesses Marion Johnson, Lisa Martin, and Troy August. The previously mentioned witnesses also testified that Harold was aware of the abuse. Harold’s contention that he was not present during an abusive incident which is supported by the testimony of Troy August does not negate the fact that he was aware abuse was present. Harold was aware D.S. was a victim of abuse and failed to protect the child. We find the trial court properly determined that D.S. was a child in need of care.

CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court decreeing D.S. to be a child in need of care as to his father.
AFFIRMED.

. In accordance with the practices of this Court, we have used initials in order to protect the children's privacy.